**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**JESUS ALBERTO GONZALEZ**                                              **PETITIONER**

**v.**                                              **CIVIL ACTION NO. 3:25-cv-867-KHJ-MTP**

**WARDEN CHILDRESS**                                              **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Jesus Alberto Gonzalez's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition [1] be dismissed without prejudice for Gonzalez's failure to exhaust administrative remedies prior to filing his Petition.

## BACKGROUND

On March 18, 2024, Gonzalez was sentenced in the United States District for the Eastern District of California to a 120-month term of imprisonment and 60-month term of supervised release for conspiracy to distribute a controlled substance (methamphetamine, fentanyl, and heroin). *See* [11-1] at 1.

On November 13, 2025, while housed at the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), Gonzalez filed a Petition [1] for Writ of Habeas Corpus under 28 U.S.C. § 2241, arguing that he earned First Step Act ("FSA") time credit,[1] which the Bureau of Prisons ("BOP") erroneously refuses to apply to his sentence.

On March 16, 2026, Respondent Warden Childress filed a Response [11], arguing that the Petition should be dismissed because Gonzalez failed to exhaust his administrative remedies

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

prior to filing this action and because Gonzalez has already received all of the FSA time credit he earned.

Gonzalez filed a Reply [12] on March 31, 2026.

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller v. Rich*, 11 F.3d 61, 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the

grievance process, an appeal to the BOP's Office of General Counsel. *See* 28 C.F.R. §§ 542.13-542.15; [11] at 2-3.

Respondent asserts that Gonzalez did not initiate the administrative remedies process, much less exhaust the process. In support, Respondent provides a declaration from Amy Landers, a paralegal at FCC Yazoo City, stating that Gonzalez did not file any formal requests concerning his earned credits. *See* [11-1] at 3-4.

Gonzalez admits he has not exhausted his administrative remedies but argues that he should not be required to do so. [1] at 6. Gonzalez specifically argues exhaustion should not be required here because (1) the BOP has a predetermined position, (2) the relief he seeks requires immediate action, and (3) exhaustion would be futile. [1] at 5; [12] at 1.

The undersigned will address these arguments in order, beginning with the BOP's alleged predetermined position. Gonzalez bears the burden of demonstrating the futility of administrative review, and "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Gonzalez next argues that immediate action is needed but exhaustion would take 90 to 120 days and would serve no purpose beyond delay. The fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates who may be entitled to immediate release must exhaust

administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.

Finally, Gonzalez argues generally that exhaustion would be futile. As previously mentioned, Gonzalez bears the burden of demonstrating the futility of administrative review. *See Fuller*, 11 F.3d at 62. Gonzalez, however, raises nothing more than general, conclusory allegations about what ordinarily occurs at the prison concerning administrative remedies. He does not explain what efforts, if any, *he* made to exhaust his administrative remedies. Indeed, the record indicates that Gonzalez made no effort to exhaust his administrative remedies.

Because Gonzalez cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed without prejudice.[2]

## CONCLUSION AND RECOMMENDATION

The record shows that Gonzalez did not exhaust his administrative remedies, and he has failed to demonstrate any extraordinary circumstances that would warrant waiving the exhaustion requirement. Thus, the undersigned recommends that the Petition [1] for Writ of Habeas Corpus be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing

---

[2] In addition to arguing that the Petition should be dismissed for failure to exhaust, Respondent argues that Gonzalez's claim should be dismissed because he has already received all FSA time credits due to him. Gonzalez offers no direct response to this argument. The undersigned declines to address this issue at this time and instead recommends dismissing Petitioner's claims without prejudice for failure to exhaust.

party. The District Judge at that time may accept, reject or modify in whole or in part, the

recommendation of the Magistrate Judge, or may receive further evidence or recommit the

matter to this Court with instructions. Failure to timely file written objections to proposed

findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual

findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto.*

*Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 1st day of June, 2026.

s/ Michael T. Parker
United States Magistrate Judge